IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

LARRY GWEN COKER,            )
                             )
    Petitioner,              )
                             )
vs.                          )    Case No. 4:15-cv-666-LSC-TMP
                             )
CHRISTOPHER GORDY,           )
Warden, et al.,              )
                             )
    Respondents.             )

## **MEMORANDUM OPINION**

The magistrate judge filed his Report and Recommendation in this matter on March 17, 2016, recommending that the petition for writ of *habeas corpus* be denied and dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d). In doing so, the magistrate judge noted that "petitioner has neither argued that he is entitled to equitable tolling nor asserted any facts that might give rise to the application of equitable tolling." (Doc. 18, p. 7). The magistrate judge also noted that, even if not time-barred, the claims in the petition are procedurally defaulted because petitioner did not seek review in the Alabama Supreme Court, as required by *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). (Doc. 18, at fn. 5). On March 29, 2016, the petitioner, Larry Gwen Coker, filed his

timely objections to the report and recommendation, contending that he is entitled to equitable tolling of the one-year time limitation because he suffered a serious illness during a portion of that time. On April 6, 2016, petitioner filed "supplemental discovery," which will be treated by the court as supplementing his objections to the report and recommendation.

Petitioner does not appear to dispute the magistrate judge's account of the procedural history of the conviction at issue. The magistrate judge reported:

> On June 26, 2008, petitioner, who was previously convicted of a sex crime, was convicted after a jury trial in the Circuit Court of St. Clair County, Alabama, on one count of violation of Alabama's Community Notification Act, one count of failure to register as a sex offender with the St. Clair County Sheriff, and one count of possession of a motor vehicle with an obscured VIN number. [(Doc. 8-1)].[1] He was sentenced as a habitual felony offender on October 14, 2008, to concurrent terms of 25 years in prison. He appealed, and the Alabama Court of Criminal Appeals affirmed his conviction by unpublished memorandum opinion dated July 31, 2009. He did not seek rehearing and did not seek review in the Alabama Supreme Court. The appellate court issued a certificate of judgment on August 19, 2009.
>
> On July 29, 2010, petitioner filed a petition for post-conviction relief pursuant to Alabama Rule of Criminal Procedure 32. (Doc. 8-6). The trial court denied the petition on September 22, 2010, and he did not appeal.

The magistrate judge pointed out that petitioner's conviction became final on August 19, 2009, as he was not entitled to additional time to seek review in the

---

[1] There was a typographical error in the report and recommendation that referred to "Doc. 801," when it should have read "Doc. 8-1."

2

United States Supreme Court because he failed to seek review in the state court of last resort, the Alabama Supreme Court. *See Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006), *Spencer v. Price*, 2008 WL 2476764 (S.D. Ala. June 18, 2008). He observed that when petitioner filed his first Rule 32 petition on July 29, 2010, tolling the running of the one-year limitation at that time, there were only 21 days remaining in the period. The § 2244(d) limitation began running again on September 23, 2010, after the state trial court denied the Rule 32 petition and petitioner did not appeal from the denial. When the remaining 21 days expired, the federal *habeas* petition became time-barred on October 13, 2010.

Petitioner's objections argue that the magistrate judge erred by not giving the petitioner the benefit of equitable tolling of the one-year limitation. The Supreme Court recognizes that the time limitation of § 2244(d) can be equitably tolled. The Court has explained: "We have previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010), citing *Pace [v. DiGuglielmo]*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); *see also Cadet v. Florida Dep't of Corr.*, 742 F.3d 473, 477 (11th Cir. 2014). As explained below, there are at least three reasons why equitable tolling is not available to petitioner in

this case.

First, petitioner did not raise or argue the question of equitable tolling before the magistrate judge. The magistrate judge correctly pointed out that, despite respondents' explicit reliance on the time bar, petitioner did not attempt to argue his illness (or anything else) as the basis for equitable tolling. The court declines to address an argument not made to the magistrate judge. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.').

Second, even if the court were to consider the petitioner's equitable tolling argument, it fails both requirements of the *Holland* test. As to the first requirement, Petitioner was not diligent in pursuing his claims, as indicated by both his failure to seek *certiorari* review on direct appeal and his failure to appeal the denial of his Rule 32 petition. Not only were these procedural defaults, which of themselves bar consideration of the merits of the petition, they demonstrate a lack of diligence during time periods for which petitioner offers no excuse. To be diligent in pursuing his rights, Petitioner was required to follow through on the opportunities presented to him for litigating these claims. He did not do so.

Third, although petitioner's illness was an extraordinary circumstance beyond his control, it did not *prevent* him from timely filing his *habeas* petition.

According to the medical records submitted by petitioner as an exhibit to his objections, he had a routine physical in April 2010, which uncovered an elevated PSA (Prostate Specific Antigen), sometimes indicative of prostate cancer. On October 25, 2010, petitioner underwent a prostate biopsy. He developed an infection from the biopsy that resulted in his being hospitalized on November 16, 2010, in grave condition with severe sepsis, shock, and acute renal failure. He recovered with treatment and was returned to the infirmary at Limestone Correctional Facility on November 24, 2010, where he remained for two more weeks. In February 2011, petitioner had cryosurgery to remove the cancer from his prostate.

It is obvious from this timeline that the one-year deadline for filing a *habeas* petition expired *before* plaintiff suffered the sepsis and renal failure, which the court agrees were clearly extraordinary circumstances beyond his control. But the circumstances of his illness did not *prevent* him from filing a timely petition, which should have been filed by no later than October 13, 2010. If petitioner was going to file a timely *habeas* petition, he had to do so by October 13, a date well before he even had the prostate biopsy on October 25, much less the date it developed into a serious and debilitating infection on November 16, 2010. In short, the infection—serious as it was—occurred after the time deadline for filing his *habeas* expired and, therefore, did not "prevent[] timely filing" of the petition.

*Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010).

Because petitioner is not shown entitlement to equitable tolling of the time period mandated by § 2244(d), the court will enter a separate order overruling his objections and adopting and accepting the magistrate judge's report and recommendation. His petition will be dismissed as time-barred.

The Clerk is DIRECTED to mail a copy of the foregoing to the petitioner.

**DONE** AND **ORDERED** ON APRIL 20, 2016.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704